UNITED STATES DISTRICT COURT
           DISTRICT OF NEW HAMPSHIRE

**Deborah Dowlin**

    v.                             Civil No. 09-cv-043-JL
                                   Opinion No. 2009 DNH 125

**Community Alliance
of Human Services**

### MEMORANDUM ORDER

     The plaintiff, Deborah Dowlin, filed this negligence action against the defendant, Community Alliance of Human Services, alleging that she was injured aboard a bus it owned and operated due to the driver's negligence in securing her wheelchair. Dowlin also seeks injunctive relief under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189, asking the court to order the defendant to train and supervise its drivers in compliance with the ADA and attendant regulations.

     Before the court is the defendant's motion to dismiss the complaint for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). The defendant argues that because the plaintiff's request for injunctive relief has been rendered moot by subsequent remedial measures, this court lacks federal question jurisdiction under 28 U.S.C. § 1331. The parties declined the court's invitation to present oral argument, but the court nonetheless held a telephone conference on the motion. The

court denies the motion to dismiss, but, as set forth below, orders limited discovery on the plaintiff's request for injunctive relief in order to facilitate consideration of this jurisdictionally dispositive issue.

I.    **APPLICABLE LEGAL STANDARD**

In deciding a motion to dismiss for lack of subject-matter jurisdiction, the court "construe[s] the [c]omplaint liberally and treat[s] all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).  The party invoking federal jurisdiction--here, the plaintiff--bears the burden of showing it, see, e.g., Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007), and that burden "is not onerous." Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1248 (6th Cir. 1996); accord Sallen v. Corinthians Licenciamentos LTDA, 273 F.3d 14, 23 (1st Cir. 2001).  Still, "a plaintiff cannot rest a jurisdictional basis merely on unsupported conclusions or interpretations of law." Johansen, 506 F.3d at 68 (internal quotations omitted)).

The problem here, however, is that while Community Alliance's motion is styled as a motion to dismiss for lack of

subject matter jurisdiction under Rule 12(b)(1),[1] it is actually more akin to a Rule 12(b)(6) or summary judgment motion with jurisdictional ramifications.[2]  Community Alliance argues that for several reasons (its own subsequent remedial measures, a lack of irreparable harm, adequacy of damages at law), Dowlin is not entitled to injunctive relief, and since her injunction claim is the only basis for federal jurisdiction, the dismissal of or an adverse judgment on that claim strips this court of jurisdiction.

---

[1] The court acknowledges that the defendant's "mootness" argument could be properly styled and viewed as a Rule 12(b)(1) jurisdictional motion, but expresses doubt as to its viability as framed by the defendant; fixing a component of the allegedly defective apparatus would not moot a claim that the drivers were not "trained to proficiency" under the ADA.  See 49 C.F.R. § 37.173.  For purposes of this motion, the court need not reach that argument.

[2] The defendant cites three California cases in support of its Rule 12(b)(1) motion to dismiss: Hubbard v. 7-Eleven, Inc., 433 F. Supp. 2d 1134 (S.D. Cal. 2006); Wilson v. Pier 1 Imports, 439 F. Supp. 2d 1054 (E.D. Cal. 2006); and Organization for the Advancement of Minorities with Disabilities v. Brick Oven Rest., 406 F. Supp. 2d 1120 (S.D. Cal. 2005).  Two of these cases, Hubbard and Wilson, were decided in the context of a Rule 56 motion for summary judgment.  In Brick Oven Rest., the only case decided under Rule 12(b)(1), the court denied the defendant's motion to dismiss the plaintiff's ADA-based request for injunctive relief, finding that the plaintiff had standing to bring such a claim.  Indeed, the language that Community Alliance has cited from Brick Oven Rest., when read in context, supports the proposition that, although discouraged, a plaintiff may include a legitimate federal claim into its complaint for the sole purpose of getting the case into federal court.

3

That argument makes sense, but the court is not prepared, on this record undeveloped by discovery, to rule that Dowlin is not entitled to injunctive relief as a matter of law.  Because Community Alliance's position on the unavailability of injunctive relief (and, ultimately, jurisdiction), though undeveloped, seems well founded, this court orders limited discovery on Community Alliance's training and supervisory practices and policies.  The basis and scope of this ruling are explained infra.

**II.  BACKGROUND**

The complaint alleges the following facts, which the court accepts as true for the purposes of this motion.  See Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 323 (1st Cir. 2008).

Community Alliance is a non-profit organization with a principal place of business in Newport, New Hampshire.  Among other services, Community Alliance provides public transportation to citizens in the surrounding communities.  Dowlin, who lives in Claremont, is permanently disabled and wheelchair-bound as a result of a rare hereditary disorder.  Unable to drive, she depends on Community Alliance's bus system for transportation.

In 2008, while traveling aboard a Community Alliance bus, Dowlin's wheelchair overturned, causing her to spill out of her chair and injure herself.  Nearly a year later, Dowlin filed suit

in federal court, arguing that the wheelchair overturned because Community Alliance failed to (1) properly secure her wheelchair for transport; (2) provide her, and assist her in using, a seatbelt and shoulder harness; and (3) properly train and supervise its drivers in using the wheelchair securement system.

III. **ANALYSIS**

Independent of her state-law negligence claims, Dowlin invokes the ADA[3] in support of a request for "injunctive relief requiring Community Alliance to immediately implement appropriate training and supervision to ensure its drivers' and its compliance with the requirements of Title III of the ADA and implementing regulations." This ADA-based claim for injunctive relief is the only federal claim asserted in her complaint. See 28 U.S.C. § 1331 (federal question). She asks the court to exercise supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(a). Community Alliance argues in response that the ADA claim was pled solely to create federal jurisdiction. If Dowlin fails to make an adequate jurisdictional showing as to her ADA claim, this court may decline to exercise jurisdiction over her state-law claims. See id. § 1367(c);

---

[3] See 42 U.S.C. §§ 12188(a)(1), 2000a-3(a).

5

Che v. Mass. Bay Transp. Auth., 342 F.3d 31, 37 (1st Cir. 2003) (courts must examine the totality of the circumstances and consider "such issues as comity, judicial economy, convenience, fairness and the like").

Title III of the ADA prohibits discrimination against disabled individuals in their use and enjoyment of public transportation. See 42 U.S.C. § 12184(a). Specifically, the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of specified public transportation services provided by" private transportation companies like Community Alliance. Id. The applicable anti-discrimination provisions of Title III define "public transportation" as "transportation by bus, rail, or any other conveyance (other than by aircraft) that provides the general public with general or special service (including charter service) on a regular and continuing basis." Id. § 12181. Here, the parties agree that Community Alliance provides public transportation within the meaning of the statute.

Where the anti-discrimination provisions of the statute are violated, Title III authorizes injunctive relief. See id. §§ 12188(a)(1), 2000a-3(a). "An injunction is an equitable remedy that does not issue as a matter of course, but rather a remedy that courts may grant at their discretion in the extraordinary situations where legal remedies such as monetary

6

damages are inadequate." Bedrossian v. Northwestern Mem'l Hosp., 409 F.3d 840, 842 (7th Cir. 2005). To obtain injunctive relief, the moving party must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

CoxCom, Inc. v. Chaffee, 536 F.3d 101, 112 (1st Cir. 2008) (quoting eBay Inc. v. MercExchange, LLC, 547 U.S. 388 (2006)).[4]

The only identifiable statutory or regulatory provisions appearing to support Dowlin's request for injunctive relief, as pleaded, are 49 C.F.R. §§ 37.165 (duties to use securement systems to secure wheelchairs, and assist disabled individuals in using those systems); 37.173 (duty to "ensure that personnel are trained to proficiency" in operating vehicles and equipment, and assisting disabled passengers); and 37.209 (defining the term "trained to proficiency"). Community Alliance has presented

---

[4] A party seeking a permanent injunction also "must show actual success on the merits of the claim, rather than a mere likelihood of such success," which is the standard applicable to a request for a preliminary injunction. Largess v. Supreme Judicial Court for State of Mass., 373 F.3d 219, 223 n.2 (1st Cir. 2004) (noting that the standards applicable to preliminary and permanent injunctions are "virtually identical").

evidence tending to show that it has complied with and satisfied these regulatory requirements, and thus that the injunction requested by the plaintiff would not cure any discriminatory practice.  Dowlin's only evidence to the contrary (at this point) is that her accident and injuries happened as she alleges, and that one other accident, involving the loading of her wheelchair, occurred in 2001.

Dowlin's evidence may or may not support a finding of supervision or training deficiencies on Community Alliance's part that would justify injunctive relief under the ADA.  The best approach to avoid premature dismissal of her federal claim while protecting this court's jurisdictional interests and preventing the disfavored practice of forum shopping is to allow limited discovery to allow for the development of an evidentiary record.

**IV.   CONCLUSION**

Because limited discovery on the issue of Community Alliance's employee training and supervision may well yield evidence allowing this court to rule dispositively on Dowlin's injunction claim, which will in turn determine whether this court has jurisdiction over this case, the court orders the following.

The motion to dismiss[5] is DENIED without prejudice to its reinstatement, possibly as a summary judgment motion or other dispositive motion allowing the consideration of evidence outside the pleadings, after the parties have had an opportunity to conduct limited discovery.  Each party may, but is not required to, propound 15 written interrogatories and seven document requests.  The plaintiff is allowed a total of seven hours[6] to conduct depositions of up to four Community Alliance drivers and its Transportation Director.  The defendant, if it wishes, may conduct two depositions of fact witnesses.

Both parties' interrogatories and document requests must be propounded by September 3, 2009, and answered on or before September 18, 2009.  Depositions must be conducted no later than October 18, 2009.  Each party may, but is not required to, submit a supplemental filing--not to exceed 15 pages, excluding exhibits--by October 28, 2009 setting forth its position

---

[5]Document no. 7.

[6]This order does not restrict the substantive scope of the depositions.  The rigorous time constraints are meant to focus the plaintiff on the jurisdictionally significant issues addressed in this order (training and supervision).

9

regarding the plaintiff's ADA injunction claim and the related jurisdictional issue.[7]

If the defendant would prefer to "opt out" of this procedure in an effort to conserve resources or for any other reason, and let the case proceed in the normal course, possibly revisiting these issues through summary judgment litigation, it need only notify the Deputy Clerk via phone or email and the portion of this order providing for limited discovery will be vacated.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  August 21, 2009

cc:   David N. Cole, Esq.
      Christopher E. Grant, Esq.

---

[7]While sympathetic to the scheduling and time conflicts expressed by plaintiff's counsel during the telephone conference, her irreparable harm claim and expressed preference for the federal court's faster docket make this schedule appropriate. The parties are free, however, to extend or otherwise modify this schedule, or any other aspect of this limited discovery order, by agreement.